Judge Tucker,
after stating the case, (in which he mentioned the four errors assigned in arrest of judgment,) proceeded as follows:
In this court, Mr. Wickham took a fifth objection, that this action would not lie against husband and wife together; but Fitzh. N. B. 116. is expressly to the contrary, and the distinction there taken is, that it will not lie against husband and wife alone, because they are but one person; but against husband and wife and a third *16 person, it well lieth. Mr. Wirt, for the appellants, very properly contended that the first and fourth of these reasons assigned for arresting the judgment were improper, since the court below could not take notice of the matter contained in the bill of exceptions, upon which the same court had already finally decided; a bill of exceptions being in the nature of an appeal, from the judgment of the court, where the cause was tried, to a higher tribunal. In this he was certainly correct; but, as the whole record is now before this court, we are f it be necessary) to examine these points as well as the others. As the argument, here, has turned almost altogether upon the second, the want of averment of probable cause, I shall consider that first. That these words are neither necessary' in an indictment for a conspiracy, nor in the ancient action, or writ of conspiracy, appears from Rastall's Entries, 123—126. as to indictments, and in F. N. E. 114—116. as to the ancient writ of conspiracy.(a) , , V, And 1 Strange, 193. shows they are equally unnecessary in an information. 9 Co. 56. (The Poulterers’ Case,) was an action on the case, like the present, for a combination, confederacy and agreement between the defendants falsely and maliciously to charge the plaintiff with a robbery, and to procure him to be indicted, &c. There is no notice of this averment in that case; yet the plaintiff, upon good consideration, (as Sir Edw. Coke, expresses it,) had judgment. No such averment appears either in the case of Cox v. Wirral, Cro. Jac. 193. where the declaration was held good ; or of Smith v. Crashaw and others, 3 Cro. 15.(b) or Bagnal v. Knight, ibid. 553. And even in a qui tarn action on the statute of Hen. VI. c. 10. there is no such averment. Rast. Entries, 126. In Smyth v. Drinkwater, 1 Keble, 627. a motion, was macje jn arrest of judgment for want of the averment of jurisdiction; but the court said that, after a verdict, they would not intend the want of jurisdiction, and the plaintiff had judgment. In Skinner v. Gunton and others. *17 (21 Car. II.) 1 Saund. 228.(a) there is an averment, that the defendant held the plaintiff to bail, without any just cause. This is the first averment that I have found in any declaration, in this action, at all similar to the present. Saunders moved in arrest of judgment without noticing this averment, or the distinction, so much pressed since, between a just and a probable cause. The plaintiff had judgment. In the case of Box v. Taylor, (32 and 33 Car. II.) 2 Shower, 154. “ the action war, for a false and malicious prosecution of a suit in an inferior court; the declaration says only absque justa causa, and held naughtbecause it might be with a probable cause for the suit, and this action will not lie; absque aliqua causa will do; or, sine causa justa, vcl probubili ; but absque justa causa is not good, for the reason afore* said, and judgment for defendant.” In Saville v. Roberts, (10 Wm. III.) 1 Ld. Raym. 374.(b) the prosecution was alleged to be neqniter ct mahtiose, and sine causa rationabili, and judgment for the plaintiff. In Muriell v. Tracy, at nisi prius, (3 Ann.) 6 Mod. 169. an exception was taken, at the trial, to the declaration, because it was not laid that the warrant, upon which the plaintiff was arrested, was taken out without probable cause. Holt, Ch. J. upon this exception, recommended to the parties to withdraw a juror; for he held the de - claration ill, for not alleging it to have been without probable cause. In the case of Jones v. Gwynn, which occurred about nine years afterwards, (12 Ann.) 10 Mod. 214. more satisfactorily reported by Ld. Ch. Baron Gilbert, in his Reports, 185. the question, as to the necessity of such an averment, came on upon a demurrer to the declaration; in which one of the reasons for the demurrer is, that it is not alleged that the indictment was procured by the defendant to be exhibited sine aliqua rationabili causa. Ld. Ch. J. Parker, (afterwards Earl of Macclesfield and Lord Chancellor,) in delivering the opinion of the court of K. B. is reported to have' ex *18 pressed himself as follows : “ As to the declaration, ad primam, I do agree, it is a circumstance necessary to maintaining of this action, that the indictment was preferred without cause.” “ For if there were what Í3 usually called a probable cause ; nay, if there be a fair and reasonable account given, how a complaint came to be made before a magistrate which produced an indictment, though it fell short of probability of guilt in the party-accused, this action will not lie. M. 5 Jac. B. R. Cox v. Wirral. Cro. Jac. 193. pl. 19. Yelv. 105. Roll. Abr. 113. (Q) pl. 2. “ Action for maliciously preferring against the plaintiff an indictment for the rape of one A. ■an infant, whereupon he was arraigned and acquitted s the defendant pleads that A. was his daughter, of the age of eight years, and came to him with tears, and complained that the plaintiff had ravished her; that, thereupon, he immediately complained to a justice of the peace, and carried her with him; that the justice sent for the plaintiff, and, upon examination of the cause, bound the plaintiff to appear at the next assises, and the defendant to prosecute him; whereupon the defendant went to the assises, and, to save his recognisance, preferred an indictment of rape against the plaintiff, which was found, and that he carried his daughter to the assises, prout ei bene licuit.”
“ In this case, though there was no averment that any rape was committed, it must be understood, as Rolle, in express terms, puts it, that none was committed.
“ Though it would not be a just cause to arrest a man for felony, without averment that a felony was committed; though, as Mr. Justice Croke's opinion was, the father seemed too credulous to cause a bill of indictment to be preferred upon the complaint of so small a girl; yet the justification was held good. For the defendant shows how, by degrees, lawful and justifiable, he came to exhibit the indictment. 1st. There was the complaint of his daughter, whom nature forces him to pity, and tender *19 ness of age frees from suspicion of malice ; 2d. He hereupon bruits it not abroad, but applies in a course of justice ; and a father could do no less; 3d. He then prefers an indictment for safety of his recognisance; 4th. The crime complained of is what is usually committed in secret; and, on complaint of his daughter, though it be but conjecture, he might well exhibit a complaint to a justice ; so that I hold this action is not maintainable, but where there is no probability of guilt, nor reasonable cause, nor honest occasion for complaint; but, yet, though this must be the case to maintain the action, it is not necessary to be expressly alleged in the declaration, nor need the plaintiff use the words sine probabili causa, or sine ra* tionabili causa." Gilb. Cas. 186—188.
After such an express decision upon the point by the court of K. B., delivered by a judge of Lord Macclesfield's high standing and reputation, as the opinion of that court, and upon a special demurrer, it seems rather extraordinary that the point should have been stirred again ; nor, in fact, have I found any subsequent case in England m which it has been drawn in question, either by a demurrer, or by a motion in arrest of judgment, except the case of Morgan v. Hughes, 2 T. R. 225. Nothing that Is said in either of the cases of Rex v. Spraggs, 2 Burr. 993. (1 Bl. Rep. 209. S. C.) nor in Rex v. Rispal, 3 Burr. 1320. nor in Brown v. Chapman, ibid. 1418. (1 Bl. Rep. 427. S. C.) nor in Farmer v. Darling, 4 Burr. 1971. nor in Ludley v. Mott, 1 Wils. 210. nor in Sutton v. Johnstone, 1 T. R. 493. has any relation to the necessity of such an averment in the declaration; but they all show that the plaintiff must prove the want of probable cause upon the trial. But the mere rejection of the bill of indictment by the grand jury to whom it was preferred, has been held to amount to such proof. In the case of Morgan v. Hughes, 2 T. R. 225. Buller, J. alone spoke to this point. His words are, “ The grounds of a mali clous prosecution arc, 1st, That it was done maliciously; *20 and, 2d. Without probable cause. The want of probable cause is the gist of the action ; but that is not stated here; for it should have been shown upon the record that the prosecution is at an end.” It would seem, then, as if his opinion were, that if it had appeared upon the record that the prosecution was at an end, that circumstance might have supplied the want of a positive aver* ment that the prosecution was without probable cause. If this be in reality his meaning, his opinion may be well reconciled to that of Lord Macclesfield, where he says, eí I do agree it is a circumstance necessary to maintaining of this action, that the indictment was preferred without cause.” But what he (Lord Macclesfield) says after-wards clearly shows, he did not mean to say it was necessary to be expressly alleged in the declaration, but the direct contrary. However, from the whole current of the later authorities in England, as also from the several books of precedents, it seems to be now fully agreed and understood there, that the want of probable cause is the gist of the action. Lord Mansfield and Lord Loughborough, in the celebrated case of Johnstone and Sutton, say, “ that the essential ground of an action for a malicious prosecution is, that a legal prosecution has been carried on without any probable cause. We say this is emphatically the essential ground ; because every other allegation may be implied but this; but this must be substantially and expressly proved, and cannot be implied.” They proceed to say, “ From the want of probable cause, malice may be, and most commonly is, implied. The knowledge of the defendant is also implied. From the most express malice, the want of probable cause cannot be implied.” 1 T. R. 544, 545. In the case of Ellis v. Thilman, 3 Call, 3. Judge Lyons delivered the resolution of the court, that the plaintiff ought to have alleged the want of probable cause; and that the omission was not cured by the verdict. In that of Young v. Gregory, (ibid. 446.) an averment that the prosecution (which was. *21 an attachment in a foreign country) was instituted without any legal or justifiable cause, was held not to amount to an averment of the want of probable cause. Judge Lyons, in that case, said, that he did not think it indispensably necessary that those very words, and none other, should be used; for any which are tantamount, and calculated to bring the probable cause fairly into issue, would be sufficient. And he rather inclined to think the words justifiable cause are of that kind. But he thought the declaration defective on another ground, and pressed the point no further. These decisions have gone abroad among the gentlemen of the profession, and they will be now better advised as to the necessity of this averment, than they could have been from the mass of conflicting opinions upon the subject, which occur in the English books. I think a uniform practice, and a uniform course of decisions upon practical points, of too much importance not to subscribe cheerfully to the former decisions of this court; and am, therefore, of opinion, that the judgment be affirmed. I therefore consider it unnecessary to notice the other points in the case, as this alone must decide it.
Judge Roane.
In the cases of Ellis v. Thilman, and Young v. Gregory, this court decided that, in an action on the case for a malicious prosecution, the want of probable cause is of the very gist of the action; that its non-existenob must be averred in the declaration; and' that the want of this averment is not cured by a verdict. The most that was admitted by any of the judges in those cases was, that similar or equipollent expressions might be sufficient. Nothing to impugn, this principle is to be found in any modern case that I have seen. The case of Farmer v. Darling(a) was relied on, in the argument, for that purpose; to show that it was necessary to prove the want of such cause on the trial; whence it seems to be inferred that it was not necessary to aver *22 it in the declaration : but that case falls far short of that purpose. It came up on a motion for a new trial, and the sufficiency of the evidence to support the action was particularly discussed hy the court; but nothing was said by the court respecting the declaration, unless, indeed, that the contrary of what is contended for by the appellant’s counsel is to be inferred from Lord Mansfield’s introduction to the case, which runs in this manner : “ This action is for a malicious prosecution •without a probable cause.” If, therefore, I were to infer any thing from that case, as relative to the declaration, it would rather be to conclude (for the declaration is not reported) that it expressly averred the want of probable cause. This idea is again corroborated by its being agreed by the whole court in that case, “ that malice and the want of probable cause must both concur as the grounds of this sort of action.” Both these grounds being necessary to entitle a plaintiff to recover, I should, upon the general principle, (and independently of any authorities whatsoever,) infer that they must both be stated,, as well approved, to entitle the plaintiff to a judgment.
An attempt is made, however, to withdraw the present declaration from the effect of these decisions, by placing the action upon the ground of the writ of conspiracy at the common law, and by contending that the conspiracy in this case, and not the bringing of the action, is the essential part of the plaintiff’s complaint. The case of Skinner v. Gunton(a) is directly in the teeth of this position. It was there held, in an action against three, which is pretty similar to the one before us, that the action was “ an action on the case” and that, therefore, (aliter in a writ of conspiracy,) judgment would lie against one defendant, though the other was acquitted ; and that the “ substance of the action was the undue arresting of the plaintiff, and not the conspiracy.” This idea of the court is entirely supported by a note of the learned editor of the late edition of Saunders’s Reports ; by Buller’s N. P. *23 p. 14.; by 1 Bac. 94. and other authorities; which also lay it down, that it is the damage sustained by the plaintiff by the bringing the action, and not the conspiracy, which is the ground of the action j and that the insertion of the words “per conspirationem. inter eos habitant” does not convert the action into a formal action of conspiracy, but it nevertheless remains án action on the case; that those words are mere surplusage, intended as matter of aggravation, and are, therefore, not necessary to be proved to support the action. This is further shown by its being also held, as aforesaid, that, in this action, all the other defendants may be acquitted except one, and he found guilty, notwithstanding the words “■per conspirationem.”
The appellant’s counsel are, therefore, mistaken in their aforesaid idea relative to the character of this action: it is substantially the same, as to the point in question, with the common action for a malicious prosecution, and stands on a common foundation with it, in respect of the necessity of the averment now in question. I do not deny but that there may have been considerable contrariety and diversity in the old books and entries on the subject; but I take it that this averment is, at this day, a sine qua non in actions for malicious prosecution, and must equally be so in the action before us.
On this ground I concur with the district court in arresting the judgment, and am of opinion that its judgment should be affirmed.
Judge Fleming.
The declaration in this case being insufficient to maintain the action, it seemed to me unnecessary to consider the other errors filed in arrest of judgment; especially as the whole case has been fully discussed by one of the judges who has preceded me, Besides the English authorities cited on the occasion, we have two decisions of this court in point: and founded *24 principally on those authorities: one fox' a malicious prosecution in a criminal, and the other in a civil case. In the fjrst? Ellis v- Thilman, the declaration stated that the defendant, “without any just cause,” prosecuted the plaintiff on a charge of his having feloniously taken a negro, the pi-operty of the defendant. In the other case, of Young v. Gregory, the declaration stated that the defendant, without any legal or justifiable cause, did attach, or cause to be attached, at Dunkirk, fifty hogsheads of tobacco, or the proceeds thereof, the property of the plaintiff. And this court, in both cases, adjudged that, for want of an averment in the declaration that the prosecution was without probable cause, the action could not (as the want of probable cause is the gist of the action) be sustained. I therefore concur in the opinion, that the judgment of the district court be affirmed.
Judgment unanimously affirmed.

 See also Salk. 174 2 Ld. Raym. 1167. 3. Ld. Raym. 53. 2 Burr. 993. 1 Bl. Rep. 200.

Sir Wm. Jones's Rep. 93 S. C. And although a motion was made in arrest of judgement, yet no notice was taken of the auehTn aveiv meKt'

 Sir 7. Raym. 176. S. C.

 1 Salk. 13. and Carth. 416. S. C.

'(a) 4 Burn 1973

 1 Saund. 230.